UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MIN LIN,

     Petitioner,

v.

TODD BLANCHE, et al.,

     Respondents.

No. 1:26-CV-350-H

## ORDER

Min Lin entered the United States illegally two years ago.  In April 2026, ICE detained Lin and issued her a Notice to Appear, charging Lin with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." 8 U.S.C. § 1182(a)(6)(A)(i); Dkt. No. 1 at 6.  She is held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A).  Dkt. No. 1 at 7.  Before the Court is Lin's habeas petition, which demands her immediate release or a bond hearing based on the text of the INA and the Fifth Amendment's Due Process Clause.  *Id.* at 8–13.

A district court entertaining an application for a writ of habeas corpus "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243. It is in the Court's discretion to deny the writ without issuing an order to show cause. *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998).[1]  The Court has carefully considered

---

[1] This case initiated in the Western District of Oklahoma prior to being transferred due to a lack of jurisdiction.  *See* Dkt. Nos. 9; 10.  That Court issued an order to show cause (Dkt. No. 6), to which the respondents answered (Dkt. No. 8).  Lin did not reply.  This Court declined to issue an order to show cause after the case was transferred.

the factual allegations and legal contentions raised in the petition. The Court has also

considered hundreds of habeas petitions that sought relief on the same grounds raised in

Petitioner's petition, and it has determined that:

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2104747 (5th Cir. July 21, 2026).[2] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60. And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26.

- An alien's prior release on recognizance under 8 U.S.C. § 1226 does not permit her to evade mandatory detention under Section 1225. *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3–4 (N.D. Tex. Jan. 15, 2026).

Lin's arguments in the petition are the same as the arguments raised in the cases

above. The Court previously found these arguments unavailing. The Court has considered

them anew in this petition and concludes that habeas relief is unwarranted. Because it

appears from the face of the petition that Lin is not entitled to relief, the Court denies the

petition. Dkt. No. 1.

---

[2] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2014647 (5th Cir. July 10, 2026). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

– 3 –

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on August __4__, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE